DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

Case: 2:21-cv-00603-SSV-KWR

In Re: Ex REL

FERDINAND BERNARD BRANCH JR. 1527 Gause Blvd. Apt. 293 Slidell, LA 70460
LIRYCA CHARMAINE NEVILLE 159 Honeywood Dr. Slidell 70461
GAYNIELLE HOUSEY NEVILLE 159 Honeywoode Dr. Slidell 70461
[(Autochthon American "Indian" Mores) Tchou Tchouma Tchoupitoulas Nation]
    Petitioners

Vs.

Vincent Lobello
701 N. Columbia St. #2
Covington, LA 70433

AND

Warren Montgomery
701 N Columbia St. #2
Covington, LA 70433

AND

Sheriff Deputy John Morse 300 Brownswitch Rd. Slidell, LA 70458
FBI SWAT (10 Male) 2901 Leon C. Simon Blvd. New Orleans, LA 70126
FBI SWAT (2 Female) 2901 Leon C. Simon Blvd. New Orleans, LA 70126
Marietta Barnes Dir. of Recording & Elections 701 N. Columbia, Covington, LA 70433
    Defendants

===================

**DECLARATORY JUDGMENT**

===================

TENDERED FOR FILING

MAR 31 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

COMES NOW; petitioners by this Complaint, against the false charge of: Forgery RS 14-72; Injuring Public Records RS 14-132.A, C(1); RS 14:133.6 and False Lien Filling where defendants, have infringed the jurisdiction of we Autochthon American Indian more(s) [not associated with any Moorish organizations; but as listed in the Preamble of "the Printed Paper" (Constitution)] who are the Posterity of "We, the People, Citizens of the United States not United States of America claim Article 4, sec. 2 Constitution of the United States now, complain against the abuse, jurisdictional

infringement, and Constitutional violations of defendants where this court has jurisdiction on the States Constitutional actions against the Constitution of the United State.

## DISCUSSION

The Sheriff Deputy John Morse acted unlawful by leading 12 FBI officers out of their jurisdiction-*United States of America* to go into without a warrant, *United States* [pursuant to the Preamble of the Constitution of United States] the private home of Ferdinand Bernard Branch Jr.; Liryca Charmaine Neville; Gaynielle Housey Neville to arrest them for no crime committed but, because of the filing of liens in the public record the FBI Officials did not like that were filed in relation to their unlawful actions against Citizens of the United States, not United States of America, and he Sergeant Sheriff Deputy John Morse caused Marietta Barnes Director of Recording & Elections to remove, erase, terminate or destroy the public records from the public registry in violation of the transparency clause of the Constitution of the United States inter alia. Make this complaint because of the nature of the criminal actions against the accused pursuant to the defendants actions that will be explained below:

Petitioners each have the Public Record that each organization has been organized and each respondent has terminated individually each office of Registered Agent because each office of registered agent has resigned. The "State Agency's" has been 'terminated" and the "enterprises" – SHERIFF'S DEPARTMENT & FEDERAL BUREAU of INVESTIGATION, is each no longer a viable entity. The "trust" established in the office of the Governor - Louisiana has no authorization over the non-"abandoned" property incorrectly associated with FERDINAND BERNARD BRANCH JR.; LIRYCA CHARMAINE NEVILLE; GAYNIELLE HOUSEY NEVILLE, by STATE OF LOUISIANA 'trust' agency.

## **DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

The petitioners are entitled, as a matter of equity and law, to Declaratory Judgment setting forth that the Non-Judicial Warrant arrest was not in conformity with requirements as set forth in the law, and that equity demand that said arrests on this pleading-Complaint be dismissed, or Quashed. Said petitioners are also entitled to Declaratory Judgment setting forth the Respondent's right under the law to discharge the debt associated with the charges: R.S. 14:72 FORGERY; R.S. 14:132A,C(1) FIRST DEGREE INURING PUBLIC RECORDS; R.S. 14:133.6 FILING A FALSE LIEN AGAINST A LAW ENFORCEMENT OR COURT OFFICER, and have said disputes redressed.

1. The petitioners will set forth sufficient grounds for this court to review the actions, since they did not bring this action to this court and omissions of both the so-called Trustee-FBI and Substitute Trustee-SHERIFF DEPUTY and their breach of fiduciary duty in collusion with MARIETTA BARNES et al, causing irreparable harm, deliberate indifference, constructive fraud, jurisdictional infringement removing documents, destruction, mutilation, from

the public record was intentional in violation of R.S. 14:132A; C(1) by defendants who arrested the petitioners without law.

2. Again the petitioners have no other remedy at law, and thus intervention by this counter complaint, since again defendants brought here, is the only manner in which irreparable harm inter alia; to the petitioners can be alleviated.

3. As aforementioned, the petitioners has no other remedy at law, and the maxims of equity and justice would demand that this honorable court issue Injunctive relief preventing the defendants et al from further irreparable harm to the petitioners and terminate or quash the charges against respondents.

## VIOLATIONS OF PUBLIC POLICY
### AGAINST DEFENDANTS FAILURE TO REPORT "TAX EVENT"

HEREIN, the Posterity Autochthon original people, real people, We, the People of the trust; "the Printed Paper" (Constitution) who were damaged within our jurisdiction also under the land patent issued by the President of the United States of America Theodore Roosevelt to be free, with our Privileges and Immunities secured by SUCH PATENT and Article 4, sec 2 of the aforementioned "Trust". Had defendants inflict criminal actions against US, Tchou Tchouma Tchoupitoulas without law, authority, and jurisdiction inter alia.

1. The "Tax Event" account numbers '1507-F2020; 1508-F-2020; 1509-F-2020' – 'Bond', that's filed with the State treasurer, indemnifies the investors [SERGEANT SHERIFF DEPUTY, 12 FBI Jane and John Doe officers] and servicing company DISTRICT COURT OF LOUISIANA against potential default in the event of default [which was defaulted at arrest] because 1507-F2020; 1508-F-2020; 1509-F-2020 was not filed as prescribed by law with the Register of Deeds Office of St. Tammany, which is fraud.

2. Case documents at indictment was not transferred into the REMIC because they never formed a real estate case-investment trust by filing the 1066 REMIC tax return as required by 26 USC 856, 857.

3. Plaintiffs did not file a "Statement of Authority" or "Transfer Statement" as prescribe to Louisiana law RS 12:505 to treat property as foreclosure property. They are in possession of "Contraband" having all this 'capital' that is taxable income which is a disposition of property that creates taxable income. Dispose of property is a default that they must report that on a RCN or RCS and RCP 'call schedule', reporting it as "income", but they did not.

4. Never was case receivables owed to the bank or servicer which is the 'Felony Bill of Information' that respondent(s) was to get at arrest hearing, a payment receipt. Plaintiffs treated the 'indictment' as a draft where they endorsed it for payment, deposited it into a "transaction account" using a 'qualified restricted endorsement' which discharges the drawer & maker – respondent.

5. Plaintiffs treated the 'Bill of Indictment' as a "liability instrument" on the "so-called case" loan as a draft – asset, which was endorsed for payment to the seller to pay for case. The Uniform Commercial Code makes no provisions to do this where Warren Montgomery et al actions violates "Public Policy" [UCC 3-413 and Louisiana UCC 3-413].

6. Plaintiffs gave no value which means no consideration which means no money or anything to make a Constitutional contractual arrest or order that would satisfy Article 9 of the Uniform Commercial Code, which the plaintiffs are using to establish an alleged debt.

7. Plaintiffs never placed the "Bill of Information" into the trust making a "Indictment of Trust" which the charges they are talking about is called a "Indictment of Trust" but never put into the Trust. Furthermore that trust they were supposed to put it in was "collapsed" on the initial 91st day of getting the so-called case therefore, there was nothing put into the trust and it collapsed for no 'corpus' being placed into it; Which means "No Debt" or a "Nil Debt".

8. Plaintiffs "endorsed" the bill of information unlawfully and deposited into a "transaction account" with the State Treasure and got "paid" on it and are using it as a Bond to indemnify "STATE OF LOUISIANA, TWENTY SECOND JUDICIAL DISTRICT" et al" in case of default, which has occurred at arrest. That being the Indictment of Trust was not placed into the REMIC Trust, it never formed a real estate investment trust as required by 26 CFR to submit a 1066 REMIC tax return to get the tax exclusion which is Fraud by plaintiffs.

9. Plaintiffs have not filed with the Register of Deeds Office as required by law, that there has been a transfer of ownership of case in where the bill of information was "Endorsed" and deposited into a transaction account from the State Treasurer and filed with the State Treasure as a "Bond" to indemnify the STATE OF LOUISIANA, TWENTY SECOND JUDICIAL DISTRICT et al in case of default which has occurred which allows defendants to receive 'complete payment' from their endorsement of the "Bill" – unlawfully, and deposit into the transaction account of the State Treasurer being "paid" from the case and turning around and sending a "bill of indictment" for payment of the alleged charges that was paid by the "Bill". This "Double Dipping" is also a violation of the OCC Office of Comptroller of Currency consent decree(s)

AA-EC-11-14; FEDERAL RESERVE BANK = 11-052-B-SC-1, 2, 3; FDIC = 11-204B; 11-46; OTS DC 11-039.

10. This makes plaintiffs liable to Respondent for their endorsement – recoupment & set-off for case dismissal termination of this "Tax Event".

## STATUTORY VIOLATIONS OF DEFENDANTS

HEREIN; defendants violated R.S. Code: 14:132A C(1), Violated R.S. Code: 14:72; Violated R.S. Code: 14:133.6 in specificity, as expressed below:

VIOLATIONS OF DEFENDANTS

1) *FIRST DEGREE INJURING PUBLIC RECORDS*
R.S. Code: 14:132 A, C(1) **Charge: A.** *First degree injuring records is the intentional removal, mutilation, destruction, alteration, falsification, or concealment of any record, document, or other thing, filed or deposited, by authority of law, in any public office or with any public officer.* **C(1)** *Whoever commits the crime of first degree injuring public records shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.*
Counter Complaint:

1-Sergeant Deputy Sheriff John Morse went into the office of Marietta Barnes to remove, terminate, and conceal a document he deemed false. However, such document was not "False" but "true", and in violation of the above law, Sergeant Deputy Sheriff John Morse cause the injuring of the public records by forcing Marietta Barnes to violate her office and using it for her personal gain to remove a record or document in violation together with Sergeant John Morse et al in conspiracy of state and Federal law.

2- Sheriff Deputy John Morse decided with deliberate indifference, where knew or should have known, that he had no authority to terminate, remove, or injure the public records by such action by soliciting, recruiting, enjoining Marietta Barnes to participate in violating RS 14:132A,C(1) erasing, removing, terminating public records they deemed 'false'. Where by doing so, they agreed together to conspire against the public and their records to make "legal Determinations" as a judiciary official. Who both took over the office of Director of Recording & Elections for their personal use to decide what records are able to be on the record of the public when defendants became belligerents, saboteurs to the United States not United States of America and each individual worked together to damage the public records. These actions are criminal and by affidavit information sent to the Attorney General of Louisiana to investigate is hereby noticed to the court to bring justice to the Constitution of Louisiana and terminate the charges against Respondents/Petitioners.

2) *FORGERY*
R.S. Code: 14:72 **Charge: A.** *It shall be unlawful to forge, with intent to defraud, any signature to, or any part of, any writing purporting to have legal efficacy.* **B.** *Issuing, transferring, or possessing with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute a violation of the provisions of this section.*
Complaint:

1) Petitioners never have signed a document purporting to belong to someone else making such document a forgery. Furthermore, never have petitioners ever intended to defraud anyone or person or government entity with intent to damage such entity or official by forging their name or pretending to be such officer inter alia.

2) Petitioners have never went into the office of Marietta Barnes and transferred records like defendants did with Sergeant Deputy Sheriff John Morse et al did to erase, remove, terminate such records and label them false when such documents are true, and charge petitioners with a crime when no such crime exists nor was created. But Sergeant Deputy Sheriff John Morse et al did such action where such documents have vanished from the public's record depository in violation of law.

*FILING A FALSE LIEN AGAINST A LAW ENFORCEMENT OR COURT OFFICER*
R.S. Code: 14:133.6 **Charge**: *The crime of filing a false lien or encumbrance against a law enforcement officer, court officer, state officer, or state employee is committed when a person knowingly files, attempts to file, or conspires to file, in any public records or in any private record that is generally available to the public, any false lien or encumbrance against the movable or immovable property of a law enforcement officer, court officer, or state officer, or state employee, as retaliation against the officer or employee for the performance of his official duties, knowing or having reason to know that the lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation.*
Counter Complaint:

1) Petitioners never filed a false lien against any officer whatsoever. True documents have been filed but were not "False" nor intended to "retaliate" against a "…law enforcement officer, court officer, or state officer, or state employee…" Furthermore, petitioners never filed any record or document known to be false, fictitious, fraudulent, or materially false, has never happened. All documents for filing from petitioners shall, will, and have been within the law, Constitution and are originals or true but never false. Petitioners have never gotten any law enforcement officer, court officer, or state officer, or state employee document, forged their name and filed such document knowing to be false in the public record.

2) Respondent has no ability to gain, get or have ever entered into the office of a law enforcement officer, court officer, or state officer, or state employee, and forged their name on any document. There is no such evidence of petitioners breaking into or entering the office of a law enforcement officer, court officer,

or state officer, or state employee, taking a already written document, or create a document from that office, and forge such name and file such document into the public record exists. So to charge petitioners with such action is "False" on its face. *Void ab initio*, and a criminal act in violation of law by defendants to transfer and switch the criminal act by them onto petitioners by way of a "Felony Bill of Information" that is void ab initio.

## CONSTITUTIONAL VIOLATIONS
### defendants

1. Article 4, sec. 2 petitioners claim, against the corrupt activity of defendants who knew or should have known, they cannot go into the office of Marietta Barnes and take public records off the record, terminate such document, remove such document in conspiracy together to do so then turn around and charge petitioners with doing such act when there is no evidence whatsoever to the contrary.

2. Preamble of the Constitution of Louisiana was violated by defendants who together infringed against Article 4, sec. 2 Constitution of the United States and Preamble of Constitution of Louisiana by denying petitioners"domestic tranquility" – by charging them without a violation of law committed. Denying petitioners"equality of rights" to have access to the "public records" to notice the public or the people of the actions of government officials who have taken over the public office to take records out or remove them or terminate and label them a "forgery" with no evidence of petitioners using such office's letterhead and create a document and sign such document with the name of the official and file such document in the public record is bogus. False and a complete fabrication and miscarriage of justice by defendants against Autochthon, Indigenous Citizens of the United States not United States of America; Members of the Tchou Tchouma Tchoupitoulas "Indians" our controlling documents filed with the Director of Public Records i.e. Constitution: 1338849; Tribal Trust: 2020-32065; Charter: 2020-20379 showing our distinct self-autonomous status as a Nation inter alia.

3) Article 1 sec. 1–9 Constitution of Louisiana were violated by defendants where in the so-called 'felony bill of information' narrative continuation section, states "Sergeant John Morse along with the FBI New Orleans SWAT team executed a search warrant...arrested relative to an outstanding 22nd JDC warrant issued 9/10/2019 by judge Peter Garcia..." this so-called warrant states nothing about "Forgery; injuring the public records; filing a false lien." However, a so-called 'felony bill of information' for the aforementioned is now listed that such aforementioned warrant from 9/10/2019 was not presented at the breach of peace of defendants.

4) Judge Scott Gardner from information from Sergeant Sheriff Deputy John Morse made a legal determination that is in violation of Louisiana law and laws of United States, Treaties [land patent to the charged petitioners from Theodore Roosevelt] and State law RS 14:132A, C (1) where no person which includes a judge but not limited to, to remove, terminate, any public record is an action outside of their jurisdiction. Such action is criminal and a statutory violation of

      RS 14:132A,C(1), and to charge petitioners is criminal, jurisdictionally misrepresented, constructive fraud, conspiracy.

5) Judge Scott Gardner, Sergeant John Morse et al violated 42 USC 1986 by aforementioned officers who by clear absent of all jurisdiction violating 42 USC 1986 where pursuant to the State equivalent 1986: Judge Scott had knowledge that the wrongs to go into the office of the Director of recordings & Elections and take, remove a public record that was "true" not false, nor a forgery but Judge Scott Gardner, Sergeant John Morse et al injuring records was the intentional removal, mutilation, destruction, alteration, falsification, or concealment of any record, document, or other thing, filed or deposited, by authority of law, in any public office was done by the aforementioned persons.

6) State equivalent of 42 USC 1983 where defendants under color of law, of RS 14:132A,C(1) and R.S. Code: 14:133.6 subjected petitioners to criminal action of the aforementioned persons deprived the Article 4, sec 2 Privileges & Immunities of petitioners secured to them was from a custom of a policy to go into the office of Director of Recording & Elections to steal, take, remove the records without law or due process from a judge instead of a "legal determination" instead of a due process Constitutional judicial order to do so shocks the conscious from deliberate indifference to destroy the integrity of the office of Director of Recording & Elections by Officer John Morse to enjoin Marietta Barnes into criminal behavior, deprivation of rights, conspiracy against rights of respondents.

7) Marietta Barnes and John Morse did not prevent removal of records from the "public record" that damaged the trust of Marietta Barnes Director of Recording & Elections and Officer Sergeant Sheriff Deputy John Morse and confidence of petitioners in them who must be terminated from office. Dismiss the charges against the petitioners was and is by them who again must be terminated from office and the action against petitioners terminated for lack of jurisdiction.

## ACTION REQUESTED BY THIS COURT

We are not complaining of the State courts authority to charge, implement punishment for violations of State law. On the contrary, we are not subject to State law, as Citizens of the United States not United States of America. Also, being the Posterity as listed in the Constitution the State in this case has over reached, overlooked, intervened in that jurisdiction they don't have jurisdiction in against the petitioner. We seek action here with a declaratory judgment against defendants to erase, terminate, the lack of authority over the petitioners who have successfully reclaimed their Government: United States not United States of America as laid out in the Preamble of the Constitution; Citizenship as Citizens of the United States not Citizens of the United States of America. Furthermore the charges used against the petitioners cannot apply based upon the rules of evidence of the State and Federal rules of court procedure because, petitioners were never within the offices illegally or otherwise to display such behavior.

## DEFENDANTS ACTIONS AMOUNT TO DUE PROCESS AND OBSTRUCTION OF GOVERNMENTAL ADMINISTRATION

Vincent Lobello defendant acted unlawful and is guilty of Obstructing Governmental Administration when he overreached his authority by deciding action out side of the scope he was given by ignoring the jurisdictional boundaries he must stay within. He acted with intentional action to ignore evidence of Marietta Barnes a public servant that prevented her from performing her duties as an official who Sheriff John Morse told Ms Barnes to call Liryca Charmaine Neville to tell her "…the lien document you filed has been removed from the public record…" showing she agreed to obstruct the governmental administration and "Public Policy" i.e. RS14-132A, C (1) inter alia. defendants impaired the "Public" from accessing documents meant for them exclusively to see. Such action was by force from Sergeant Sheriff Deputy John Morse against Marietta Barnes from his intimidation showing up at her office in uniform, with gun on his hip, to perform a non dutiful action of "removal" of a record in violation of law. This includes but not limited to an police officer, sheriff deputy, judge, state trooper, where Judge Scott Gardner made a legal determination for Sheriff Deputy John Morse to go to Marietta Barnes and get her to remove a document from the public record is a clear absence of all jurisdiction and a prevention of governmental administration.

Vincent Lobello allowed such obstruction to continue and sanctioned it by breaking the policy and custom of the State of Louisiana "Public Policy" standard for Public officials i.e. Office of Director of Recording & Elections Marietta Barnes. Ignoring evidence as prescribed in the Rules of Court Procedure for State of Louisiana. This action shocks the conscious that the rule of law has been terminated in Louisiana and for Constitutional jurisdictional standards is mind blowing. Where State officials can take a State law that does not apply what so ever to a Citizen, where it clearly has no jurisdiction over the Citizen in question, but was used to punish, get, show dominance over law abiding Autochton American "Indian" Mores, without cause, jurisdiction, and a clear absence of all jurisdiction is foundation for the District court to take up this Constitutional crisis.

Judicial Barratry, Intermeddling with the Constitutional authority of Vincent Lobello was without authority as laid out in the Rules of court, in that Judicial notice was submitted and the actions listed above was committed without cause was deliberate indifference, in that he knew or should have known as the judicial official to not practice law from the bench by making a legal determination in violation of authority he did not have to do so. That action warrants this law suit for declaratory judgement.

**Conclusion**

This court is summoned to award and dismiss the State action as crafted because of Constitutional lacking in the State Agency STATE OF LOUISIANA of Louisiana; false charges used to entrap petitioners without cause, by:

1. Issuing Declaratory Judgment against the State actions.

2. Issue Declaratory Judgement that petitioners are out of the jurisdiction of State actors at all times unless some crime had been committed i.e. Murder with a corpus delecti; damage done to a person or that persons property.

3. All other relief this court deems just and proper.

This 31st day of March 2021.

By: *[signature]*
Ferdinand Bernard Branch Jr.
General Delivery
Slidell, Louisiana 70458-9999
504-756-2380
Hopoksiatalako19@gmail.com

By: *[signature]*
Lityca Charmaine Neville
General Delivery
Slidell, Louisiana 70458-9999
504-756-8454
Shikoba.a.luksittt@gmail.com

By: *[signature]*
Gaynielle Housey Neville
General Delivery
Slidell, Louisiana 70458-9999
504-405-1727
chieftesshvishi@gmail.com