UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FERDINAND BERNARD BRANCH, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   21-603** |
| **VINCENT LOBELLO, ET AL.** | **SECTION: "R" (4)** |

## ORDER

Before the Court is Plaintiffs' **Motion for Reconsideration (R. Doc. 26)** seeking the Court reconsider its order that declined issue a subpoena to Doug Williams which sought the identification of twelve (12) FBI agents by names who enter Plaintiffs' home on November 13, 2019. This motion is not opposed.

This case arises out of a lien document that was filed in state court that was, according to the Plaintiffs, ultimately deleted from the state records. Plaintiffs face charges in state relating to the filing of a false lien. Plaintiffs claim to be Tchou Tchouma Tchoupitoulas "Indians.

On July 21, 2021, the Court issued an order denying Plaintiffs' motion for issuance of subpoena citing case law that stands for the proposition that Plaintiffs must serve the subpoena themselves without relying on the Court to act as a process server. *See* R. Doc. 24. In response, Plaintiff filed the instant motion for reconsideration, contending the Court must give an order for the FBI to give the names of the l2 defendants that are being sued. R. Doc. 26.

"The general practice in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." *Jones v. New Orleans Reg'l Physician Hosp. Org., Inc.*, No. CV 17-8817, 2019 WL 6134189, at *2 (E.D. La. Nov. 19, 2019) (citing *Rosemond v. AIG Ins.*, Civ. A. No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches*, Civ. A. No. 05-4182, 2009 WL 1046016, at *1

(E.D. La. Apr. 16, 2009)). A Rule 59(e) motion calls into question the correctness of a judgment. *Id.* (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581.

In addition, "[a] Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Id.* (citing *Clark v. City of Thibodeaux*, No. CV 18-2364, 2019 WL 183851, at *1 (E.D. La. Jan. 14, 2019); In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001)). Motions to reconsider "based on recycled arguments only [serve] to waste the resources of the court," and are not the proper vehicle to "[rehash] old arguments or [advance] legal theories that could have been presented earlier. *Ambrose v. Ocean Shipholdings, Inc.*, No. CIV.A. 02-2576, 2003 WL 21991656, at *2 (E.D. La. Aug. 19, 2003) (citing *Krim v. PCORDER.COM, Inc.*, 121 F.R.D. 329, 331 (W.D.Tex. 2002)). These motions should serve the narrow purpose of "permit[ting] a party to correct manifest errors of law, or fact, or to present newly discovered evidence." *Id.*

Here, Plaintiffs contend that they are not sovereign citizens, that one of their claims actually invokes the United States Constitution privileges and immunities clause as opposed to the Louisiana State Constitution, that whether they are convicted in state court is of no matter to this Court, and that it appears to Plaintiffs that this Court is allowing the FBI agents to get out of the suit which "borders of judicial barratry." R. Doc. 26. Notably, Plaintiff do not challenge any of the law cited by the Court instructing the Plaintiffs on correct discovery procedures. *See id.* Instead, Plaintiffs use their motion for reconsideration to accuse the Court of obstruction of governmental justice, personal bias, and prejudice. *Id.* at ¶ 6.

Plaintiffs' contentions are meritless to the ultimate disposition on the motion. Contrary to the Plaintiffs' averments, the Court is not "allowing the FBI agents to get out of the suit." Moreover, regardless of the Plaintiff's agreement with the Court's assessment of the facts, the law remains the same. While the Court grants some leeway to *pro se* litigants, proper court procedure must be adhered to. Plaintiffs are more than welcome to follow proper court and discovery procedures to identify and include these persons in their suit.

The Court reiterates the law as cited in its previous July 21, 2021 order. *See* R. Doc. 24. The Court does not act as a process server. The Plaintiffs can request a blank subpoena signed from the Clerk of this Court and fill out the subpoena and make requests according to their discovery needs. Plaintiffs also have the ability to serve the subpoena upon Doug Williams themselves without squandering the resources of the Court. After the subpoena is properly served, should the respondent not provide the information Plaintiffs requested, then may Plaintiffs properly bring a motion to compel. Until such time, this Court will not intervene.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Reconsideration (R. Doc. 26)** is **DENIED.**

New Orleans, Louisiana, this 10th day of August 2021.

---
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**