UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FERDINAND BERNARD BRANCH, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-603 |
| VINCENT LOBELLO, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiffs Ferdinand Bernard Branch, Jr., Liryca Charmaine Neville, and Gaynielle Housey Neville's motion "to set aside judgment."[1] Defendant Judge Vincent Lobello opposes the motion.[2] For the following reasons, the Court denies the motion.

### I. BACKGROUND

Plaintiffs in this case are three alleged members of the Tchou Tchouma Tchoupitoulas Nation, who, proceeding *pro se*, assert that they have been falsely charged in Louisiana state court with forgery under La. Rev. Stat. § 14:72, injuring public records under La. Rev. Stat. § 14:132, and filing a false lien under La. Rev. Stat. § 14:133.6.[3] On March 31, 2021, plaintiffs filed

---

[1]   R. Doc. 70.
[2]   R. Doc. 71.
[3]   R. Doc. 5 at 1 (Complaint).

suit in this court, alleging, *inter alia*, that a sheriff's deputy, John Morse, led twelve FBI officers into their home and arrested them for crimes they did not commit.[4]  They further allege that Morse caused Marietta Barnes, the "Director of Recording & Elections," to destroy certain public records from the "public registry."[5]  They assert that they did not commit the charged crimes,[6] and that they "are not subject to State law, as Citizens of the United States[,] not United States of America."[7]

Throughout their complaint, plaintiffs name various state officials, three of whom have been served and made defendants in this matter: (i) Judge Vincent Lobello, the state judge presiding over plaintiffs' criminal proceedings in the Twenty-Second Judicial District Court of Louisiana; (ii) Warren Montgomery, the District Attorney for the Twenty-Second Judicial District of Louisiana; and (iii) Marietta Barnes, a deputy clerk of the Twenty-Second Judicial District Court. Plaintiffs seek various forms of relief, including dismissal of the state action.[8]

On August 6, 2021, defendant Lobello moved under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of plaintiffs'

---

4       *Id.* at 2.
5       *Id.*
6       *Id.* at 5-7.
7       *Id.* at 8.
8       *Id.* at 10.

claims against him.[9] This Court granted Judge Lobello's motion on February 11, 2022, dismissing all of plaintiffs' claims against him.[10] On February 22, 2022, plaintiffs filed a motion "to set aside judgment."[11] Plaintiffs' confusing motion makes no relevant legal arguments, focusing instead on a supposed "tax event,"[12] and alleging that Judge Lobello is in possession of "contraband . . . that was not reported to the tax[] authorit[ies.]"[13] Plaintiffs also appear to insinuate impropriety on the part of this Court by stating that "US DISTRICT COURT JUDGE SARAH S. VANCE is in possession of or covering for the possession of [c]ontraband[.]"[14] Although plaintiffs' motion asks this Court to "set aside [its] judgment[,]"[15] this Court will construe their motion as one for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Defendant Judge Vincent Lobello opposes the motion.[16]

The Court considers the motion below.

## II.  LEGAL STANDARD

---

[9]   R. Doc. 30.
[10]  R. Doc. 67.
[11]  R. Doc. 70.
[12]  *Id.* at 1.
[13]  *Id.* at 2.
[14]  *Id.*
[15]  *Id.* at 3.
[16]  R. Doc. 71.

3

"A motion for reconsideration of the Court's order is construed as a motion under either Rule 59(e) or Rule 60(b) depending on when it is filed." *United States v. Allen*, No. 12-138, 2019 WL 5150897, at *1 (E.D. La. May 2, 2019) (citing *Thompson v. United States Dep't of Interior*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018)). If a party files the motion within twenty-eight days of the judgement, it is treated as a motion under Rule 59(e). *Id.*; *see also Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (construing a post-judgment motion filed within the then-applicable 10-day filing period for Rule 59(e) motions as a motion pursuant to Rule 59(e)).

A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."

4

*Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice;" and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Mar. 19, 1998).

## III. DISCUSSION

Simply put, plaintiffs' motion is legally deficient under Rule 59(e). Plaintiffs present no new relevant information, point to no supposed manifest errors or injustice, cite no change in controlling law, nor give any intelligible reason as to why this Court should reconsider its February 11, 2022 Order and Reasons. To the contrary, plaintiffs present the same types of perplexing rationales that this Court already rejected. Because plaintiffs do not meet Rule 59's exacting standards for this "extraordinary remedy" sought, their motion for reconsideration is denied. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is DENIED.

New Orleans, Louisiana, this __14th__ day of June, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE