UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FERDINAND BRANCH, JR., ET AL.                    CIVIL ACTION

VERSUS                                                          NO. 21-603

VINCENT LOBELLO, ET AL.                          SECTION "R" (4)

## ORDER AND REASONS

Before the Court is the unopposed motion of defendant J. Collin Sims, District Attorney for the 22nd Judicial District, State of Louisiana, to dismiss plaintiffs' claims against him for failure to state a claim.[1]  In the alternative, Sims moves for summary judgment.  For the following reasons, the Court grants defendant's motion to dismiss and dismisses plaintiffs' claims as frivolous under 28 U.S.C. § 1915.

## I.    BACKGROUND

Plaintiffs in this case are three alleged members of the Tchou Tchouma Tchoupitoulas Nation, who, proceeding *pro se*, assert that they have been falsely charged in Louisiana state court with forgery, La. Rev. Stat. § 14:72, injuring public records, La. Rev. Stat. § 14:132, and filing a false lien, La. Rev. Stat. § 14:133.6.[2]  Plaintiffs instituted their suit *in forma pauperis* pursuant

---

[1]    R. Doc. 30.
[2]    R. Doc. 5 at 1 (Complaint).

to 28 U.S.C. § 1915.[3]  On March 31, 2021, plaintiffs filed suit in this court, alleging, *inter alia*, that a sheriff's deputy, John Morse, led twelve FBI officers into their home and arrested them for crimes they did not commit.[4] They further allege that Morse caused Marietta Barnes, the "Director of Recording & Elections," to destroy certain public records from the "public registry."[5]  They assert that they did not commit the charged crimes,[6] and that they "are not subject to State law, as Citizens of the United States[,] not United States of America."[7]   Plaintiffs ask the Court to dismiss the state action,[8] and seek various other forms of declaratory, injunctive, and monetary relief, including discharging the debt associated with their criminal charges.

Throughout their complaint, plaintiffs named various state officials as defendants, three of whom were served in this matter: (i) Judge Vincent Lobello, the state judge presiding over plaintiffs' criminal proceedings in the Twenty-Second Judicial District Court of Louisiana; (ii) Warren Montgomery, the District Attorney for the Twenty-Second Judicial District

---

[3]    *See* R. Docs. 14, 15, 16.
[4]    *Id*. at 2.
[5]    *Id*.
[6]    *Id*. at 5-7.
[7]    *Id*. at 8.
[8]    *Id*. at 10.

of Louisiana; and (iii) Marietta Barnes, a deputy clerk of the Twenty-Second Judicial District Court.  Plaintiffs' complaint includes only one reference to Warren Montgomery in a nonsensical allegation:

> "Plaintiffs treated the 'Bill of Indictment' as a 'liability instrument' on the 'so-called case' loan as a draft – asset, which was endorsed for payment to the seller to pay for the case.  The Uniform Commercial Code makes no provisions to do this where Warren Montgomery et al actions violates 'Public Policy' [UCC 3-413 and Louisiana UCC 3-413]."[9]

Plaintiffs include this allegation in what they characterize as a claim for "violations of public policy against defendants [sic] failure to report 'tax event.'"[10]  Plaintiffs' complaint does not otherwise reference the District Attorney for the Twenty-Second Judicial District of Louisiana.

The Court dismissed plaintiffs' claims against Judge Lobello on February 11, 2022, for failure to state a claim,[11] and against Marietta Barnes on July 13, 2023, for failure to prosecute.[12]  On February 26, 2024, a jury convicted plaintiff Ferdinand Branch, Jr. of the felony offenses of forgery, La. Rev. Stat. § 14:72, injuring public records, La. Rev. Stat. § 14:132, and filing a false lien, La. Rev. Stat. § 14:133.6.[13]  In July 2024, plaintiffs filed two

---

[9]    R. Doc. 5-1 at 4.
[10]    *Id.*
[11]    R. Doc. 67.
[12]    R. Doc. 79.
[13]    *See* R. Doc. 107-2 at 8-17.

"emergency injunctions" seeking a stay in Branch's state sentencing, a declaration that their arrest, Branch's conviction, and possible imprisonment were unlawful, and the immediate dismissal of all criminal cases against them.[14]  The Court denied these motions,[15] and the state court sentenced Branch on July 22, 2024.[16]  Plaintiffs Liryca Charmaine Neville and Gaynelle Housey Neville failed to appear in court for their jury trial on October 29, 2024, and the state court issued an attachment for their arrest.[17]

District Attorney J. Collin Sims, as successor-in-office to Warren L. Montgomery,[18] now moves to dismiss plaintiffs' claims under Rule 12(c) and Rule 56 of the Federal Rules of Civil Procedure.[19]  Sims asserts that prosecutorial immunity bars plaintiffs' claims for monetary damages and that the Court must decline to exercise jurisdiction over plaintiffs' claims for declaratory and injunctive relief under abstention doctrine articulated in

---

[14]     R. Docs. 94 & 96.

[15]     R. Docs. 99 & 101.

[16]     *See* R. Doc. 107-2 at 18-19.

[17]     *See Id.* at 21-22.

[18]     District Attorney Warren L. Montgomery died while in office on November 10, 2023.  J. Collin Sims is the current District Attorney for the 22nd Judicial District, State of Louisiana.  *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies . . . while the action is pending.  The officer's successor is automatically substituted as a party.").

[19]     R. Doc. 107.

*Younger v. Harris*, 401 U.S. 37 (1971).[20]  Defendant additionally contends that Branch's claims are barred by the *Heck v. Humphrey*, 512 U.S. 477 (1994) and that the Eleventh Amendment bars plaintiffs' monetary damages claim against Sims in his official capacity.[21]  In the alternative, Sims argues that summary judgment is proper because the plaintiffs have failed to assert any facts that could possibly be construed as stating a claim upon which relief can be granted against Sims.[22]  Plaintiffs do not oppose this motion.  The Court considers defendant's motion below.

## II.   LEGAL STANDARD

### A.   Rule 12(c)

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  In deciding a 12(c) motion, the court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief.  *Id.*  At this stage, the Court "accepts all well-pleaded facts as true."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.  2007).  "Judgment on the pleadings is

---

[20]    R. Doc. 107-1 at 3-4.

[21]    *Id.*

[22]    *Id.*

appropriate only if material fact are not in dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) (citation omitted).

In ruling on a 12(c) motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019); *Voest-Alpine Trading*, 142 F.3d at 891 n.4. "If, on a motion under 12(b)(6) or 12(c) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 21(d). But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion into one for summary judgment, if the documents are "referred to in the complaint and are central to the plaintiff's claim." *See Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

If matters outside the pleadings are presented, "the court has 'complete discretion' to exclude them." *Id.* (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)); *see* Charles A. Wright & Arthur R. Miller, 5C Federal Practice and Procedure § 1371 (3d ed. 2021) ("[I]t is well-settled that it is within the district court's discretion whether to accept

extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).").

## III.  DISCUSSION

Plaintiffs are proceeding *pro se*, so their pleadings are to be construed liberally.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  But this does not mean that the Court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009). Plaintiffs' sole allegation naming the defendant is garbled and nonsensical. The relief plaintiffs seek from him, the substance of their allegations, and the capacity in which they purport to sue Warren Montgomery is entirely unclear.  Indeed, the Court cannot reasonably relate plaintiffs' allegations against the defendant to any of their asserted claims for declaratory, injunctive, or monetary relief.

To the extent that plaintiffs seek to enjoin or otherwise interfere with the ongoing state-court proceedings, the Court's authority is limited by the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971).  Under *Younger*, the Court must decline to exercise jurisdiction if the requested relief would interfere with an ongoing state criminal proceeding.  The Court

7

must decline to exercise jurisdiction over a state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal quotation marks omitted).

Plaintiffs' complaint explicitly asks this Court to "dismiss the State action,"[23] which would plainly amount to interference in state proceedings. *See id.* at 717 ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" (citation omitted)). Likewise, Louisiana has a strong interest in regulating the subject matter of plaintiffs' claims, which contest their state criminal charges for injury to public records,[24] forgery,[25] and filing a false lien against a law-enforcement or court officer.[26] *See DeSpain v. Johnston*, 731 F.2d 1171,

---

[23]   R. Doc. 5 at 10.
[24]   *Id.* at 5.
[25]   *Id.* at 6.
[26]   *Id.*

1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Lastly, plaintiffs have an adequate opportunity in the state proceedings to raise their constitutional and evidentiary challenges, both at trial and on appeal. And because plaintiffs provide no facts to show that they qualify for any of the three limited *Younger* exceptions, the Court finds them to be inapplicable here. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). The Court therefore must decline to exercise jurisdiction over plaintiffs' claims for injunctive and declaratory relief against J. Collin Sims in his official capacity as District Attorney for the 22nd Judicial District. Those claims are accordingly dismissed without prejudice. *See Manning v. Republic of Tex.*, No. 16-265, 2016 WL 1242649, at *1 (N.D. Tex. Mar. 30, 2016) (dismissing claims without prejudice on the grounds of Younger abstention); *Novie v. Vill. of Montebello*, No. 10-9436, 2012 WL 3542222, at *14 (S.D.N.Y. Aug. 16, 2012) (same)).

The Court dismisses plaintiffs' remaining claims as frivolous. A court may dismiss a proceeding brought *in forma pauperis* as frivolous under § 1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). There is no arguable basis in law or fact for plaintiffs' claims. Plaintiffs appear to

assert a fanciful legal theory associated with the sovereign citizen movement involving copyright infringement, the Uniform Commercial Code, and contractual interpretation of criminal laws to argue that "Warren Montgomery et al." are liable for an unspecified violation of public policy in relation to an undefined "Tax Event."[27] *See United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings.").

As courts in the Fifth Circuit have consistently held, this legal theory is frivolous and without merit, warranting dismissal. *See Watson v. Texas State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (affirming dismissal of plaintiff's complaint consisting of "legal theories involving admiralty law, copyright infringement, the Uniform Commercial Code, fictional personhood, and contractual interpretation of criminal laws" as "frivolous" because of plaintiff's "reliance on meritless legal theories associated with the sovereign citizen movement"); *Askew v. United States*, No. 22-10914, 2023 WL 1775656, at *1 (5th Cir. Feb. 6, 2023) (affirming dismissal of plaintiffs' complaint seeking a declaratory judgment that he is a sovereign

---

[27]    R. Doc. 5 at 3-5.

citizen because of his purported status as a member of the Yamassee Creek Nation as "frivolous and entirely without merit"); *see also United States v. Smith*, No. 22-179, 2024 WL 3950254, at *1 (E.D. La. Aug. 27, 2024) (describing defendant's contentions that "fall within the sovereign citizen movement" as "frivolous," "legally baseless," "rejected consistently," and "fanciful, fantastic, and delusional" (citation omitted)).  The Court therefore dismisses plaintiffs' remaining claims as frivolous and for failure to state a claim on which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss.[28]  The Court DISMISSES plaintiffs' claims for declaratory judgment and injunctive relief against J. Collin Sims in his official capacity WITHOUT PREJUDICE.  The Court DISMISSES plaintiffs' remaining claims WITH PREJUDICE as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915.

New Orleans, Louisiana, this ___8th___ day of January, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[28]    R. Doc. 107.